NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER CONANT; MICHAEL JAMES FLYNN, Sr.; PHILIP H. STILLMAN; ROBERT C. HUNTLEY; JAMES C. SABALOS, <br><br> Appellants, <br><br> v. <br><br> CREDIT SUISSE GROUP SECURITIES (USA) LLC, FKA Credit Suisse First Boston Corp., a Delaware limited liability company; CREDIT SUISSE FIRST BOSTON CORP., a Delaware limited liability corporation; CREDIT SUISSE AG, a Swiss corporation; CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH, an entity of unknown type; CUSHMAN & WAKEFIELD, INC., a Delaware corporation, <br><br> Defendants-Appellees. | No. 19-35944 <br><br> D.C. No. 1:10-cv-00001-EJL-REB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted December 9, 2020
San Francisco, California

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BOGGS,** M. SMITH, and BENNETT, Circuit Judges.

Appellants Christopher Conant, Michael James Flynn, Sr., Philip H. Stillman, Robert C. Huntley, and James C. Sabalos (collectively, Appellants) appeal the orders of the magistrate judge and district court reaffirming the imposition of a $6,000 fine per attorney for their conduct during the underlying case.  This court has jurisdiction under 28 U.S.C. § 1291.  Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.  We **VACATE** the decision of the district court and **REMAND** for further proceedings.

In the previous appeal, we vacated the district court's fines and remanded the case to the district court because that court "did not express a view regarding what part of those fines was necessary to compensate the court."  *Gibson v. Credit Suisse Grp. Sec. (USA) LLC*, 733 F. App'x 342, 346 (9th Cir. 2018).  We held that "[i]f any portion of the fines is non-compensatory, then that portion would be criminal in nature and would be subject to the additional due process protection of proof beyond a reasonable doubt."  *Id.*

On remand, the magistrate judge concluded that the "sanctions were . . . compensatory in nature and appropriate under the [district c]ourt's inherent powers."  To support this conclusion, the magistrate judge cited various excerpts from the

---

**        The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

record, such as an order stating that "the imposition of sanctions . . . was . . . to compensate . . . the [district c]ourt for the unnecessary expenditure of resources caused as a result of [Appellants'] conduct." The district court agreed. However, the magistrate judge also cited various statements pertaining to deterrence and punishment. For example, in that same order, the court noted that "[t]he character, purpose, and nature of the imposition of sanctions ordered in this case was both to *punish* those individuals who violated their professional duties to the court and to *deter* these attorneys as well as other lawyers from such actions in the future[,] but *also to compensate . . .* the [district c]ourt . . . ." Even applying an abuse of discretion standard, *see Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1292 (9th Cir. 2015), we vacate the rulings of the magistrate judge and district court, as the magistrate judge's own order shows that the $6,000 fines were at least partially non-compensatory.

Alternatively, the magistrate judge decided that, even if some of the sanctions were non-compensatory, "only 'serious' criminal sanctions warrant procedures extending beyond notice and an opportunity to be heard." This ruling also was error.

"[I]f *both* civil and criminal relief are imposed in the same proceeding, then the criminal feature of the order is dominant and fixes its character for purposes of review." *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 638 n.10 (1988) (internal quotation marks and citations omitted). "To level that kind of separate penalty [as

punishment], a court would need to provide procedural guarantees applicable in criminal cases, such as a 'beyond a reasonable doubt' standard of proof." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). We noted the same in the last appeal in this case. *See Gibson*, 733 F. App'x at 346.

Those individuals on whom criminal sanctions are imposed are "entitled to the right to be advised of the charges, the right to a disinterested prosecutor, the right to assistance of counsel, a presumption of innocence, proof beyond a reasonable doubt," and other due process protections applicable in the criminal context. *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1139 (9th Cir. 2001) (citations omitted). There is no indication that the district court afforded Appellants these heightened due process protections. The district court gave Appellants only notice and an opportunity to be heard, and that court "appears to have applied only a 'clear and convincing' standard" of proof. *Gibson*, 733 F. App'x at 346.[1]

---

[1] The magistrate judge cited *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1112 (9th Cir. 2005), and *Hanshaw* for the "serious" versus "non-serious" divide in terms of criminal due process protections. However, both *Lasar* and *Hanshaw* stand for the proposition that "serious" criminal sanctions require a "full-blown trial." *Lasar*, 399 F.3d at 1112 (citing *Hanshaw*, 244 F.3d at 1138. In particular, in *Hanshaw* we listed a number of due process protections, but only appended the "serious" label to the jury trial right. *Hanshaw*, 244 F.3d at 1139. It is unnecessary to decide whether the "serious" versus "non-serious" distinction survives the Supreme Court's ruling in *Goodyear*, as the district court here did not afford Appellants the other due process protections listed in *Hanshaw*.

4

Thus, we vacate the decisions of the magistrate judge and district court. On remand, Appellants "should be afforded the due process protections appropriate for" the imposition of criminal sanctions. *Id.* However, pursuant to its "broad power" and discretion to impose sanctions, *see Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997), the district court should consider vacating the sanctions and returning the fines to Appellants. The district court initially imposed the $6,000 fines in 2013, and subjecting Appellants to the arduous process associated with the imposition of criminal fines years after the underlying conduct may not accord with the interests of justice or the initial purpose for those $6,000 fines.[2]

VACATED and REMANDED.

---

[2] In their supplemental brief, Appellants also argue that "*Goodyear* mandates reconsideration of the $57,738 in attorney's fees that the magistrate [judge] awarded to the Defendants" in the underlying case. This court already affirmed the imposition of the attorney's fees in the previous appeal after the Supreme Court handed down *Goodyear*. *See Gibson*, 733 F. App'x at 344–45. We remanded solely on the issue of whether the $6,000 fines to be paid to the district court were compensatory. *Id.* at 346. Thus, the propriety of the attorney's fees is not properly before this court on appeal. *See Adamian v. Lombardi*, 608 F.2d 1224, 1228 (9th Cir. 1979) ("[T]he scope of review is narrowed to the limitations of the remand. This [c]ourt's prior holding has become the law of the case, binding upon the present panel.").